IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-103-FDW-DCK

| COURTNEY D. STEPHENSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| ATRIUM HEALTH, INC., CAROLINAS PHYSICIANS NETWORK, INC., and THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Quash Third Party Subpoenas And For Protective Order" (Document No. 25). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**BACKGROUND**

Plaintiff Courtney D. Stephenson ("Plaintiff" or "Stephenson") initiated this action with the filing of a "Complaint" (Document No. 1) on March 11, 2021. By this action, Plaintiff "seeks to remedy violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, to redress issues of interference and retaliation related to Dr. Stephenson's requests for and taking of protected family leave." (Document No. 1, p. 1). Stephenson alleges retaliatory treatment began immediately after taking FMLA leave in June 2019, and culminated with her wrongful termination in November 2019. (Document No. 1, pp. 2, 8-17). The Complaint includes claims for: unlawful interference with FMLA benefits; discrimination and retaliation for taking leave

under the FMLA; breach of contract; breach of covenant of good faith and fair dealing; negligent infliction of emotional distress; and intentional infliction of emotional distress. (Document No. 1, pp. 17-29).

The Honorable Frank D. Whitney, Jr. issued a "Case Management Order" (Document No. 18) on June 16, 2021. The Case Management Order, *inter alia*, set the following deadlines: discovery completion – December 1, 2021; mediation report – December 29, 2021; dispositive motions – January 12, 2022; and trial – May 2, 2022. (Document No. 18, p. 2).

"Defendants' Motion For Partial Judgment On The Pleadings" (Document No. 21), regarding Plaintiff's claims for negligent and intentional infliction of emotional distress was filed on July 21, 2021. On October 5, 2021, Judge Whitney issued an Order granting Defendants' motion and finding Plaintiff's NIED and IIED claims to be deficient. (Document No. 33).

"Plaintiff's Motion To Quash Third Party Subpoenas And For Protective Order" (Document No. 25) was filed September 7, 2021. By the pending motion, Plaintiff seeks to quash four (4) proposed third-party subpoenas by Defendants directed to Plaintiff's current and prospective employers. (Document No. 25, p. 1). The motion to quash has been fully briefed and is ripe for review. See (Document Nos. 25-2, 26, and 32).

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms . . . ; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters….." Id.

## DISCUSSION

Plaintiff contends that the subpoenas Defendants propose to serve on her current and prospective employers – Piedmont Medical Center, Cleveland Clinic, Mayo Clinic, and the University of North Carolina at Chapel Hill – are "vastly overbroad and seek information that has no articulable relationship to the issues in this case." (Document No. 25-2) see also (Document No. 25-1). "Moreover, Dr. Stephenson has already agreed to directly provide any relevant information sought in these subpoenas, making the subpoenas harassing and duplicative." Id.

Plaintiff further contends a party "has standing both to move to quash the subpoena and to seek a protective order under Rule 26(c)." (Document No. 25-2, p. 4) (citing Fed.R.Civ.Proc. 45(c)(3) and Singletary v. Sterling Transport Co., 2012 U.S. Dist. LEXIS 159865, at * 10 (E.D.Va. Nov. 7, 2012) (citing Cook v. Howard, 484 Fed.Appx. 805, 2012 U.S. App. LEXIS 18053, n. 7, at *19-20 (4th Cir. Aug. 24, 2012)). "Whether a party moves under Rule 45(c) or Rule 26, the legal

3

standard is the same. As the *Singletary* court noted, '[t]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26.'" Id.

In support of her motion, Plaintiff argues that the subpoenas at issue request information that "has **no** arguable bearing on the issues in this case – such as her performance at jobs subsequent to the allegations in this case." (Document No. 25-2, p. 4). She further asserts that the proposed subpoenas are "written as all-encompassing," seeking broad categories of documents, including the entire application files of her prospective employers. (Document No. 25-2, p. 5).

Plaintiff suggests that the "only arguable relevance of these documents to this litigation is that they may evince Dr. Stephenson's mitigation of damages based on the alternative employment opportunities she had following termination." (Document No. 25-2, pp. 5-6). However, Plaintiff contends she has already agreed to produce documents related to mitigation of damages. (Document No. 25-2, p. 6). Stephenson argues that service of the subpoenas "will only further embarrass" her "before her colleagues in the very small and insular medical field of fetal surgery and may cause further damage to her reputation" and should be quashed since they "serve no original purpose and are duplicative." Id.

In opposition, Defendants argue that Plaintiff's discovery responses have been "extremely limited" regarding her current and prospective employers. (Document No. 26, pp. 2-4). The parties held a "meet-and-confer" on August 27, 2021, at which Plaintiff's counsel allegedly "agreed that Plaintiff would supplement her production and responses and provide a privilege log . . . however, [as of September 14, 2021] no supplementation has been provided." (Document No. 26, p. 4). "Defendants served notice on September 3, 2021, pursuant to Local Rule 45.2 that Defendants would issue the proposed subpoenas to the Mayo Clinic, the Cleveland Clinic, UNC-

4

Chapel Hill, and Piedmont Medical Center." Id. In light of Plaintiff's objections, the proposed subpoenas have not yet been served. Id.

In support of allowing the subpoenas, Defendants contend that Plaintiff

> claims that she has been deprived of her "life's work" but objects to Defendants' efforts to determine exactly the type of practice and medical procedures that she has been involved in at UNC and Piedmont and as importantly what type of practice and medical procedures she could be involved in had she accepted other employment offered to her.

(Document No. 26, p. 3). Defendants go on to aver that the proposed subpoenas are relevant to Plaintiff's alleged damages, her ability to mitigate those damages, her failure to mitigate those damages, her alleged emotional distress, and her credibility. (Document No. 26, p. 5). Defendants argue, noting that Plaintiff seeks millions of dollars in damages, that they are not required to rely on Plaintiff's word that all the relevant documents have been produced. Id.

Defendants explain that the discovery they seek, such as communications regarding Plaintiff's termination and what kind of work she has performed and/or had the opportunity to perform, including fetal surgeries, is central to the issues in dispute and proportional to the needs of the case. (Document No. 26, pp. 6-7).

Defendants further argue that the proposed "subpoenas will not burden, harass, or prejudice Plaintiff in any way." (Document No. 26, p. 9). To the extent Plaintiff seeks to quash the subpoenas to avoid publicity or embarrassment, Defendant contends she waived those arguments by filing a public lawsuit and by her and/or her counsel contributing to "significant press attention" such as counsel giving a televised interview about the claims. (Document No. 26, p. 10).

In reply, Plaintiff asserts that there is "no legitimate reason" to allow the proposed subpoenas, and that the "subpoenas are redundant; the information has already been requested from Dr. Stephenson and she has already provided (or agreed to provide) the vast majority of it."

5

(Document No. 32, p. 1). Plaintiff lists the information sought by the subpoenas and re-asserts that she has already produced many responsive documents and "agreed, through counsel, to provide any additional, responsive information in her possession." (Document No. 32, pp. 2-3).

Plaintiff contends that she is "plainly subjected to 'annoyance, embarrassment, oppression, or undue burden' by having her prospective employers within a small medical community forced to produce otherwise private files." (Document No. 32, p. 4). Plaintiff then notes that she is concerned about the burden placed on potential employers, not the notice it gives them of the instant action. (Document No. 32, p. 4, n. 4).

In her final argument, Plaintiff argues that the proposed motions should be quashed because the information sought is available from a more convenient source – Plaintiff herself. (Document No. 32, p. 5). Plaintiff provides that

> Pursuant to Fed. R. Civ. P. 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive...." In this case, the information sought is obtainable (or has already been obtained) from Dr. Stephenson, who was a party to the requested offers, contracts and communications. See HDSherer, 292 F.R.D. at 309 (quashing subpoena under Rule 26(b) because "[i]t is undisputed that all of the information sought by Plaintiffs in the subpoenas duces tecum involves contracts, communications, and payments to which Defendant is a party.").

(Document No. 32, p. 6). Plaintiff further states that Defendants have "recently propounded additional discovery on Dr. Stephenson which directly request[s] the information sought in the subpoenas." Id. (citing Document Nos. 27-1 and 27-2).

Plaintiff concludes that the proposed subpoenas are overly broad, burdensome, and embarrassing and that "the information has already been sought and/or received from Dr. Stephenson."

The undersigned finds that the instant discovery dispute presents a close and difficult call. On the one hand, the undersigned agrees that the proposed subpoenas are overly broad, duplicative, and burdensome in their current form. See (Document No. 25-1, pp. 7, 12, 16, 20). However, they also seek information that is clearly discoverable.

Plaintiff's most persuasive argument is that the discovery Defendants seek is more appropriately and efficiently obtained from Plaintiff. See (Document No. 27, pp. 6-7) (citing Fed.R.Civ.P. 26(b)(2)(C)). According to Plaintiff, she has already produced or will produce much of the information Defendants seek. Unfortunately, Plaintiff's commitment to provide the information is vague and provides no specific timetable for production.

The undersigned concludes that the proposed subpoenas do seek relevant information that Defendants are entitled to request from third parties, *if* Plaintiff is unwilling or unable to provide satisfactory responses. Although there is some disagreement over the applicability of Fed.R.Civ.P. 45 in this situation, there seems to generally be agreement that the Court has discretion to address this discovery dispute in accordance with Fed.R.Civ.P. 26 (b) and (c).

Consistent with Rules 26(b)(2)(C) and (c)(1), the undersigned directs Defendants not to serve the proposed subpoenas. Instead, Plaintiff shall provide documents and/or responses to the requested information if she has not already done so. See (Document No. 25-1, pp. 7, 12, 16, 20). Plaintiff shall promptly complete and/or supplement all her discovery responses. Discoverable information in Plaintiff's possession, or that can be obtained by Plaintiff, related to her current and/or prospective employers, is summarized below and shall be produced without further delay:

> applications for employment; offers of employment; proposed and actual employment agreements and contracts; correspondence relating to Dr. Stephenson's potential or actual work for the employer or prospective employer, including communications about the scope of Dr. Stephenson's responsibilities and duties; communications describing Dr. Stephenson's salary and benefits;

7

communications as to Dr. Stephenson's reasons for rejecting or accepting employment offer(s); list of fetal care procedures performed by Dr. Stephenson for any employer since November 1, 2019; documents reflecting any marketing of Dr. Stephenson as a fetal care surgeon; communications regarding Dr. Stephenson's employment with and termination from Atrium; and any other communications related to Dr. Stephenson's applications for work.

Plaintiff seems to indicate in her briefs that she already has, or can, provide the foregoing information. If Plaintiff is unwilling or unable to produce documents responsive to the requested information listed above, Defendants may seek any missing information from Plaintiff's current and prospective employers through appropriately revised and narrowed subpoenas.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Quash Third Party Subpoenas And For Protective Order" (Document No. 25) is **GRANTED** as described herein. Plaintiff shall provide full discovery responses to Defendants as directed, on or before **December 1, 2021**.

**SO ORDERED**.

Signed: November 17, 2021

David C. Keesler
United States Magistrate Judge